OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



January 28, 2002

Mr. Jerry L. Benedict
Administrative Director
Office of Court Administration
P.O. Box 12066
Austin, Texas 78711-2066

Opinion No. JC-0456

Re: Whether the state employee pay raise effective September 1, 2001 applies to appellate court briefing attorneys and law clerks (RQ-0428-JC)

Dear Mr. Benedict:

You ask whether a provision of the 2001 General Appropriations Act that grants an across-the-board pay raise to state employees applies to briefing attorneys and law clerks with the appellate courts.[1] Briefing attorneys and law clerks with the appellate courts are entitled to the four percent salary increase authorized by section 10.12 of article IX, General Appropriations Act if they meet the length-of-service requirements stated in section 10.12(i) of article IX.

You ask whether the briefing attorneys and law clerks of the state's appellate courts are to receive the four percent increase in annual salary for employees of state agencies provided by section 10.12, article IX, of the current General Appropriations Act. This section provides in part:

Sec. 10.12. **Appropriation for a Salary Increase.**

(a) As used in this section, 'salary increase' shall mean a 4% increase in annual salary with a minimum of $100 per month increase in salary.

(b) The Comptroller of Public Accounts is hereby appropriated an amount estimated to be $169,036,471 out of the General Revenue Fund, an amount estimated to be $22,682,459 out of General Revenue - Dedicated, and an amount estimated to be $131,510,143 out of other funds and accounts to fund a salary increase described in Subsection (a) of this Section for employees of state agencies, including employees of the Higher Education

---

[1]Letter from Mr. Jerry L. Benedict, Administrative Director, Office of Court Administration, to Honorable John Cornyn, Texas Attorney General (Sept. 7, 2001) (on file with Opinion Committee).

Coordinating Board, as such a salary increase is reflected in the salary rates authorized elsewhere in this Act.[2]

(c) Non-faculty Employees at Institutions of Higher Education.

. . . .

(d) This section shall not apply to statewide elected officials, justices and judges of the appellate and district courts, district attorneys, criminal district attorneys, county attorneys performing the duties of a district attorney, or the compensatory per diem of board or commission members.

. . . .

(g) The Comptroller of Public Accounts shall promulgate rules and regulations as necessary to administer this section. . . .

(h) This section does not authorize an increase of classified salary rates or exempt salary rates above the rates listed in the applicable schedule in this Act.

(i) In order to receive the salary increase described in Subsection (a) of this Section, any employee must meet the following requirements:

(1) An employee employed by the state for at least twelve (12) continuous months prior to September 1, 2001 is eligible for the salary increase on September 1, 2001.

(2) An employee who is not employed for twelve continuous months prior to September 1, 2001, and who begins work with the state prior to March 1, 2002 is eligible for the salary increase on September 1, 2002.

(3) An employee who begins work with the state between March 1, 2002 and August 31, 2002 is eligible for the salary increase on March 1, 2003.

---

[2]*See* General Appropriations Act, 77th Leg., R.S., S.B. 1, art. IX, § 2.01, at IX-1-27 (2001), *available at* http://www.lbb.state.tx.us (setting out two salary rates for each salary group, one for employees ineligible for the salary increase beginning September 1 and one for employees who are eligible for the salary increase).

(4) [relating to non-faculty employees of institutions of higher education] . . . .

. . . .

(k) Funds appropriated in this Section for the salary increase may not be used to fund a salary increase for the following groups: . . . [certain employees at the Texas Department of Criminal Justice and at the Texas Youth Commission].

General Appropriations Act, 77th Leg., R.S., S.B. 1, art. IX, § 10.12, at IX-76-78 (2001), *available at* http://www.lbb.state.tx.us (footnote added).

The length of service requirements set out in section 10.12(i) are especially relevant to a person holding a temporary position with the courts, such as a recent law school graduate who serves as a law clerk from September 1 of one year to August 31 of the following year. A person currently employed on this schedule would not be able to meet the length of service requirements and, accordingly, would not receive the raise, regardless of whether he or she were otherwise qualified for it. To be eligible for the salary increase on September 1, 2001, a state employee must have been employed for at least twelve continuous months before that date, and to be eligible by September 1, 2002, an individual must have begun work with the state prior to March 1, 2002. *Id.* §§ 10.12(i)(1)(2). A one-year term of employment that begins on September 1 will have ended by the time the person qualifies under either provision.

Section 10.12 appropriates funds to pay a four percent salary increase for state employees with certain exceptions, none of which apply to appellate court briefing attorneys or law clerks. Its provisions reflect statutes governing state employee compensation and refer to other sections of the appropriations act. Particularly relevant to section 10.12 are the Position Classification Act ("Act"), TEX. GOV'T CODE ANN. ch. 654 (Vernon 1994 & Supp. 2002), and part 2, article IX of the General Appropriations Act, which includes provisions relating to the Position Classification Act. We will review these provisions to provide a context for understanding section 10.12.

The Position Classification Act is the most important provision governing state employees' compensation, although it is not the only statute authorizing the legislature to provide for the compensation of state employees, including employees of the judiciary, in the appropriations act. *See id.* §§ 22.301 (Vernon 1988) (salaries of "the clerks, other officers, and employees of the supreme court, court of criminal appeals, and courts of appeals shall be determined by the legislature in its appropriation acts for the support of the judiciary"); 659.011 (Vernon 1994 & Supp. 2002) ("salaries of all state officers and employees are in the amounts provided by the biennial appropriations act"), 659.012 (providing for minimum salaries for justices of the supreme court, justices and chief justices of the courts of appeals, and judges of district courts).

The state position classification plan ("plan") established pursuant to the Position Classification Act "provides the salary structure for specified state employments." *Id.* § 654.002 (Vernon 1994). Government Code section 654.011 makes it clear that the position classification plan applies to employments in the judiciary:

> (a) The position classification plan and the salary rates and provisions in the General Appropriations Act apply to all . . . salaried employments in the state departments, agencies, or judicial entities specified in the articles of the General Appropriations Act that appropriate money to:
>
> > (1) general government agencies;
> >
> > (2) health and human services agencies;
> >
> > (3) the judiciary, except for judges, district attorneys, and assistant district attorneys;
> >
> > (4) public safety and criminal justice agencies; [other classes of state agencies;]
>
> . . . .
>
> > (8) agencies of public education[.]

*Id.* § 654.011(a) (Vernon Supp. 2002).

Section 654.012 of the Government Code states that the plan does not apply to certain officers and employees, including a constitutional officer, an elected officer, and an officer appointed by the governor. *See id.* § 654.012 (Vernon Supp. 2002). Justices and judges of the state appellate courts and of district courts are elected to office or appointed to a vacancy by the governor. *See* TEX. CONST. art. V, §§ 2 (Supreme Court Justices); 4 (Court of Criminal Appeals Judges); 6 (Justices of Courts of Appeals); 7 (district judges); 28 (governor fills vacancies in office of judge of state appellate courts and district courts); *see also* art. IV, § 12 (vacancies in state or district offices to be filled by appointment of the governor). Thus, the salaries of such judges are not governed by the position classification plan. Section 10.12 of article IX, General Appropriations Act, states that these judges are ineligible for the salary increase that it provides. *See* General Appropriations Act, 77th Leg., R.S., S.B. 1, art. IX, § 10.12(d), at IX-77 (2001), *available at* http://www.lbb.state.tx.us (section 10.12 does not apply to statewide elected officials, justices and judges of the appellate and district courts); *see also* TEX. GOV'T CODE ANN. § 659.012 (Vernon Supp. 2002) (providing for judicial salaries). However, employees of the judicial branch are not excepted from the state classification plan by any provision of Government Code chapter 654, nor does section 10.12 make them ineligible for the pay increase it authorizes. *Cf.* General Appropriations Act, 77th Leg., R.S.,

S.B. 1, art. IX, § 10.12(k), at IX-78 (2001), *available at* http://www.lbb.state.tx.us (exception for certain employee groups of Texas Department of Criminal Justice and the Texas Youth Commission).

Section 10.12(b) refers to the appropriation act provisions that implement the state position classification plan. These are found in article IX, part 2 of the General Appropriations Act, which provides in its introductory section:

> Except as otherwise specifically provided in this Act, expenditures of appropriations for the salaries of employees, in classified positions in all affected agencies appropriated funds by this Act [other than certain entities related to education] . . . , are governed by Chapter 654, Government Code (the Position Classification Act), Chapter 659, Government Code, and this section, including the following lists of position classification numbers, position titles, salary group allocations, and rates of pay in classification salary schedules as provided by this Article.

*See* General Appropriations Act, 77th Leg., R.S., S.B. 1, art. IX, § 2.01, at IX-1 (2001), *available at* http://www.lbb.state.tx.us.

The lists of classified employments in part 2 include positions in the judiciary: Appellate Court Peace Officer, Court Law Clerk, Chief Deputy Clerk, and Clerk of the Court. *Id.* at IX-14. The list also includes employments classified as Attorney I through VI, *id.* at IX-13-14, and information submitted to us shows that persons in the "Attorney" classification are employed by the appellate courts.[3] The appellate court briefing attorneys and law clerks you inquire about are within the article IX, part 2 provisions relating to the position classification plan.

The salary rate tables provide two salaries for each salary group—one for employees not eligible for the salary increase beginning September 1 and one for employees who are eligible for the salary increase. *See* General Appropriations Act, 77th Leg., R.S., S.B. 1, art. IX, § 2.01, at IX-27 (2001), *available at* http://www.lbb.state.tx.us; *see also id.* § 10.12(i) at IX-78 (stating eligibility requirements). Thus, part 2 of article IX implements the four percent salary increase authorized by section 10.12(a). Section 10.12(b) appropriates certain amounts of money to the comptroller "to fund a salary increase described in Subsection (a) of this Section for employees of state agencies . . . *as such a salary increase is reflected in the salary rates authorized elsewhere in this Act.*" *Id.* § 10.12(b) at IX-77 (emphasis added). Because briefing attorneys and law clerks with the

---

[3]*See* Brief from Honorable Rodney Ellis, Honorable Rob Junell, Texas State Legislature, to Honorable John Cornyn, Texas Attorney General (Oct. 17, 2001) (on file with Opinion Committee) [hereinafter Ellis-Junell brief]; Attachment A (Court Legal Staff Salary and Court Operation Increase: 2002-03); Attachment C (Legislative Budget Board, Issue Docket, Conference Committee on Senate Bill 1, General Appropriations Bill, Article IV - The Judiciary (4/19/2001) at 10) (on file with Opinion Committee).

appellate courts are included in the position classification lists and salary rate tables found in part 2 of article IX, General Appropriations Act, eligible employees in those positions are entitled to the four percent salary increase authorized by section 10.12 of article IX, General Appropriations Act. To be eligible, a particular briefing attorney or law clerk must, of course, have complied with the continuous service requirement set out in section 10.12(i).

A brief from the Chairman of the Senate Finance Committee and the Chairman of the House Committee on Appropriations states, however, that the legislature did not intend the four percent state employee pay raise to apply to appellate court attorneys and court law clerks, because the funds appropriated to the Texas Supreme Court and Courts of Appeals were intended to include a pay raise for appellate court attorneys and law clerks averaging 13.5 percent.[4] These court employees were to receive a "targeted"[5] pay raise rather than the general state employee pay raise authorized by section 10.12, and the anticipated pay raise was included in the appropriations made to the appellate courts. These are "block grant" appropriations, which appropriate funds to each court for one or two broad purposes. *See* General Appropriations Act, 77th Leg., R.S., S.B. 1, art. IV, at IV-1 (2001), *available at* http://www.lbb.state.tx.us (appropriations to Texas Supreme Court for "Appellate Court Operations" and "Basic Civil Legal Services"); IV-4-11 (2001) (total appropriation to each court of appeals was for "Appellate Court Operations"). The brief informs us that "[t]he block grants for the courts of appeal all included a specific amount of money to be used by the chief justices in their discretion to award above average pay raises instead of the four [percent] appropriated to all other non-targeted state employees,"[6] and that "[t]he Legislature has always given the courts, as a separate branch of government, more leeway in overseeing their budgets than other state agencies."[7] The appropriations to the courts did not identify an amount of money allocated to salaries or raises for appellate court attorneys and law clerks.

Documentation accompanying the brief indicates that pay raises for appellate court attorneys and law clerks were considered in determining the appropriations for each appellate court,[8] but this kind of detail is not found in the text of the appropriation act itself. The General Appropriations Act provides in section 6.05 of article IX that, "[i]n the event an agency cannot determine legislative purpose from the pattern of appropriations, the agency shall seek to determine that purpose from the proceedings of the legislative committees responsible for proposing appropriations for this state." General Appropriations Act, 77th Leg., R.S., S.B. 1, art. IX, § 6.05 at IX-39 (2001), *available at* http://www.lbb.state.tx.us; *see also Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284

---

[4]*See* Ellis-Junell brief, at 2.

[5]A "targeted" pay raise is directed or "targeted" at a defined class of employees, such as the employees of a specific agency or employees in a particular job classification.

[6]Ellis-Junell brief, at 5.

[7]*Id.* at 5-6.

[8]*See* Ellis-Junell brief, Attachment A.

(Tex. 1999) (where statute is unambiguous, plain-meaning rule applies). We have determined a legislative purpose from the pattern of appropriations that implements the Position Classification Act, the general law that "provides the salary structure for specified state employments." TEX. GOV'T CODE ANN. § 654.002 (Vernon 1994). Accordingly, we may not rely on information from the legislative committee proceedings to depart from our conclusion based on the language of the General Appropriations Act.

## S U M M A R Y

Briefing attorneys and law clerks with the state appellate courts are entitled to the four percent salary increase authorized by article IX, section 10.12 of the 2001 General Appropriations Act if they meet the length-of-service eligibility requirements stated in article IX, section 10.12(i). General Appropriations Act, 77th Leg., R.S., S.B. 1, art. IX, § 10.12, at XI-76-78 (2001), *available at* http://www.lbb.state.tx.us.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee